**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

OSBORNE COCKETT,

v.

Case No.s:    **3:12-cv-123-J-20JRK**
                        **3:09-cr-361-J-20JRK**

UNITED STATES OF AMERICA,

_____/

## O R D E R

THIS CAUSE is before this Court on Defendant's "Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dkt. 48, Case No: 3:09-cr-361-J-20JRK) and the government's response thereto (Dkt. 10, Case No: 3:12-cv-123-J-20JRK).

On October 27, 2010, Defendant entered a plea of guilty to an Indictment charging him with conspiracy to distribute a controlled substance. Defendant was sentenced on February 23, 2011, to 130 months imprisonment, followed by 36 months of supervised release. On February 3, 2012, Defendant filed the instant motion.

Defendant raises two grounds for relief in his motion. Ground one asserts that this Court erred in sentencing Defendant as a career offender. Ground two is a claim of ineffective assistance of counsel.

### I. Defendant Waived Right to Appeal

Defendant knowingly and voluntarily waived, in his plea agreement, his right to collaterally attack his sentence and conviction. (Dkt. 35, pg. 10, Case No: 3:09-cr-361-J-20JRK). Such a waiver "precludes the defendant from attempting to attack, in a collateral proceeding, the

sentence through a claim of ineffective assistance of counsel during sentencing." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

The plea agreement stated, "[T]he defendant . . . expressly waives the right to appeal the defendant's sentence or to challenge it collaterally on any ground . . . ." (Dkt. 35, pg. 10, Case No: 3:09-cr-361-J-20JRK). There were only three exceptions to this waiver: the sentence exceeded the maximum under the guidelines; the sentence exceeded the maximum under the statute; or the sentence violated the Eighth Amendment to the Constitution. *Id.*

Defendant was specifically questioned about this waiver during the change of plea hearing. The Court reviewed the waiver with the Defendant, and the following colloquy occurred:

> THE COURT: So you're waiving and giving up your right to the direct appeal and this other type of lawsuit referred to as the collateral attack. That means that you're even waiving and giving up your right to later claim that Mr. Smith has provided ineffective assistance of counsel to you at sentencing. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: And do you – and you do understand what you're waiving and giving up in paragraph B.5?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you make this waiver freely and voluntarily?
>
> THE DEFENDANT: Yes, sir.

(Dkt. 10, Exh. 2, pgs. 23-25, Case No: 3:12-cv-123-J-20JRK).

It is clear to this Court that Defendant knowingly and voluntarily waived his right to collaterally attack his conviction or sentence. Accordingly, this Court need not entertain this motion.

**II. Section 2255 motion is not a substitute for direct appeal**

A § 2255 motion allows a prisoner in custody to challenge his sentence only if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) the court lacked jurisdiction to impose the sentence; (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The basis for a collateral attack must be an error of law constituting a "'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

A § 2255 motion, however, is not a substitute for direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). A defendant must "assert all available claims on direct appeal," therefore only those errors that could not have been raised on direct appeal "and would, if condoned, result in a complete miscarriage of justice" can be raised in a § 2255 proceeding. *Id.* at 1232-33. Ground one of Defendant's motion alleges that this Court "misapplied the law" in sentencing him as a career offender (Dkt. 1, pg. 4, Case No: 3:12-cv-123-J-20JRK). As this ground alleges an error of law it falls outside the scope of a § 2255 motion, and is, therefore, barred.

**III. Defendant's claim for ineffective assistance of counsel fails**

Ground two alleges that Defendant was not provided effective assistance of counsel. Defendant alleges that counsel both failed to argue against his career offender sentencing and failed to "consult with [Defendant] concerning the advantages and disadvantages of filing a direct appeal." (Dkt. 1, pg. 5, Case No: 3:12-cv-123-J-20JRK).

3

In *Strickland v. Washington*, the Supreme Court explained that in order to obtain relief

based on ineffective assistance of counsel, a defendant must prove that counsel's assistance

was not reasonably effective, and that counsel's errors prejudiced the outcome. *Strickland v.

Washington*, 466 U.S. 668, 687 (1984). Furthermore, "[A] court must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* at 689.

Contrary to Defendant's assertion, defense counsel argued to this Court that Defendant

should not be sentenced a career offender. First, defense counsel filed a "Citation of

Authorities" which suggested this Court was not bound to sentence Defendant as a career

offender (Dkt. 43, Case No: 3:09-cr-00361-J-20JRK).

Second, during sentencing, defense counsel argued;

> [DEFENSE COUNSEL]: Your Honor, the purpose of the citation of authorities was
> to alert the court to the arguments I intended to make today on behalf–the legal
> arguments on behalf of [Defendant]. And I would point out, Your Honor, that as I
> pointed out in Paragraph 2 of that citation, it is well-established both by the United
> States Supreme Court and by the Eleventh Circuit, that the court can depart from a
> career offender sentence or from an advisory guideline sentence for general policy
> reasons which are not specifically tied to individualized sentencing factors. And I
> would suggest to the court that this is an appropriate case for this court to consider
> doing so.
>
> . . . .
>
> I would also point out to the court as a separate policy reason, that in this particular
> case [Defendant] qualifies as a career offender because of a possession with intent
> to sell marijuana offense for which he received a county probation sentence, a 364-
> day probationary sentence. Didn't serve a day in jail. But because it was possession
> with intent, it qualifies as a predicate offense for career offender and results in not
> only a two-level vertical enhancement on the guidelines, but a much more severe
> three-level horizontal enhancement from criminal history category III, all the way to
> criminal history category VI.

I would submit to the court that you could find on these two bases, that applying career enhancement–or career offender status enhancement to [Defendant]'s case violates the underlying parsimony principle and thereby defeats the ultimate goal of the guidelines for policy reasons, Your Honor.

Separately from that, I believe that the court should vary the sentence downwards from career offender because of the factors, individualized factors specific to this particular case. And those are the cases I cited in Paragraph 1 of my citation of authorities.

(Dkt. 10, Exh. 2, pg. 35, Case No: 3:12-cv-123-J-20JRK). Accordingly, counsel's performance was not deficient.

Finally, even if defense counsel failed to advise Defendant about his appeal rights, this Court so advised Defendant. During the sentencing hearing, this Court specifically counseled Defendant:

THE COURT: " . . . And I need to advise you that in paragraph B 5 of your plea agreement, you waived and gave up your right to appeal, either directly or collaterally, unless one of four things happen: if I sentenced you in excess of the guidelines, and I don't believe that I did that; and if you used your argument about the 103 grams, which if it came out two levels below, you're right at the point where I sentenced him anyway. But if I sentenced you above the guidelines, that would have been a ground for the waiver not to apply; I didn't do that.

If I sentenced you above the statutory maximum sentence, and in this case I think 20 years was the maximum, so I didn't do that. The third one would be if I sentenced you in violation of the 8th Amendment to the Constitution . . .

. . . .

. . . so I don't think it would be cruel and unusual what I did. The fourth would be if the government exercises its right to appeal, which I would normally ask the prosecutor, but I don't know whether you can answer the question at this juncture.

MS. BAKER: Since this is a below the guideline sentence, I can't make any assurances at this time.

THE COURT: Right. So let me advise you, if the government doesn't appeal, then I don't believe you have the right to appeal. If the government does appal, then you do have the right to appeal. If the government does or doesn't is up to them. The

5

quandary is this: What do I do, because you might have to file a protective notice for an appeal in order to preserve your point, if you want to, just in the event they do, I don't know. I'll leave that for your attorney. But I need to tell you of some guidelines, and that is, under the current law if you file an appeal, you have to do so within 14 days of date of sentencing, or the passage of the 14 days will preclude the appellate court from having any jurisdiction. Do you understand that?

[DEFENDANT]: Yes, sir.

THE COURT: Now, I think [DEFENSE COUNSEL] was appointed in this case.

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: If you take an appeal, you're entitled to have counsel, and he will stay as your counsel at no cost or obligation on your part.

(Dkt 10, Exh. 2, pgs. 55-56, Case No: 3:12-cv-123-J-20JRK). Thus, even if counsel failed to

advise Defendant concerning his appeal rights, Defendant was so advised by this Court.

Defendant has failed to satisfy the *Strickland* standard as to ground two. Therefore, this

ground too must be dismissed.

Accordingly, it is **ORDERED**:

1. Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody (Dkt. 48, Case No: 3:09-cr-361-J-20JRK, Dkt. 1, Case

No: 3:12-cv-00123-HES-JRK) is **DENIED**; and

2. The Clerk is directed to close both cases.


**DONE AND ORDERED** at Jacksonville, Florida this 3/1 day of May, 2012

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

6

Copies to:
Osborne Cockett, *pro se*
Diidri W. Robinson, Esq., AUSA